UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GREGORY BUTLER,

        Plaintiff,

v.                                            Case No. 3:19-cv-890-BJD-JBT

SGT. LINGOLD and SGT. BOX,

        Defendants.
_____

## ORDER

Plaintiff, Gregory Butler, an inmate of the Florida Department of Corrections (FDOC), is proceeding pro se on a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1; Compl.) against two corrections officers at Florida State Prison (FSP). Plaintiff alleges Defendants Lingold and Box entered his cell at 5:42 a.m. on September 12, 2018, while he was sleeping, woke him up, and then assaulted him when he was in the "E.R. Room," where there are no cameras. See Compl. at 5-6. Plaintiff certifies under penalty of perjury that he exhausted his administrative remedies by "fil[ing] the 3 grievances that [he] was suppose[d] to file," but he did not receive a response "from either party." Id. at 8, 9. He also contends he "filed another grievance but still . . . received [no response]." Id. at 8.

In their motion for summary judgment presently before the Court (Doc. 24; Motion), Defendants assert Plaintiff did not exhaust his administrative remedies. See Motion at 7. In a supporting declaration (Doc. 24-6; Def. Ex. F), an FDOC representative avers Plaintiff did not submit any grievances or appeals "pertaining to an alleged use of force on him by Sergeants Ethan Box or James Lingold on September 12, 2018 at [FSP]." See Def. Ex. F ¶¶ 3, 4.

In a one-page response to Defendants' motion (Doc. 32; Pl. Resp.), Plaintiff states, "[his] grievances was throwed [sic] away and never responded to." See Pl. Resp. ¶ 3. He also says, "none of [his] grievances were ever turned in." Id. ¶ 4.

Exhaustion is a matter in abatement and should be raised in a motion to dismiss. See Bryant v. Rich, 530 F.3d 1368, 1374-75 (11th Cir. 2008). As such, when a defendant raises exhaustion in a motion for summary judgment, the court should treat the defense as if raised in a motion to dismiss. Id. See also Maldonado v. Unnamed Defendant, 648 F. App'x 939, 951 (11th Cir. 2016) ("We treat an exhaustion defense raised in a motion for summary judgment as an unenumerated Rule 12(b) motion to dismiss."). Accordingly, the Court treats Defendants' exhaustion defense as if raised in a motion to dismiss.

The Prison Litigation Reform Act (PLRA) provides, "No action shall be brought with respect to prison conditions . . . until such administrative

remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is "a precondition to an adjudication on the merits." Bryant, 530 F.3d at 1374. See also Jones v. Bock, 549 U.S. 199, 211 (2007). While "the PLRA exhaustion requirement is not jurisdictional[,]" Woodford v. Ngo, 548 U.S. 81, 101 (2006), "exhaustion is mandatory . . . and unexhausted claims cannot be brought," Pavao v. Sims, 679 F. App'x 819, 823 (11th Cir. 2017) (per curiam) (citing Jones, 549 U.S. at 211). Nevertheless, prisoners are not required to "specially plead or demonstrate exhaustion in their complaints." See Jones, 549 U.S. at 216.

Not only is there a recognized exhaustion requirement, "the PLRA . . . requires proper exhaustion" as set forth in applicable administrative rules and policies. Woodford, 548 U.S. at 93. Generally, to properly exhaust administrative remedies, a Florida prisoner must complete a three-step process as fully set forth in the Florida Administrative Code. See Fla. Admin. Code rr. 33-103.005 through 33-103.007. First, a prisoner must file an informal grievance. See Fla. Admin. Code r. 33-103.005. If the informal grievance is denied, the prisoner must proceed to the second step by filing a formal grievance at the institution level. See Fla. Admin. Code r. 33-103.006. Finally, if the formal grievance is denied, the prisoner must proceed to the third step—

3

an appeal to the Office of the Secretary of the FDOC. See Fla. Admin. Code r. 33-103.007.

Courts confronted with an exhaustion defense employ a two-step process:

> First, district courts look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true. The court should dismiss if the facts as stated by the prisoner show a failure to exhaust. Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust.

Whatley v. Warden, Ware State Prison (Whatley I), 802 F.3d 1205, 1209 (11th Cir. 2015) (internal citations omitted) (citing Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008)).

Under the first step of the Turner analysis, the Court cannot conclude Plaintiff failed to exhaust his administrative remedies because Plaintiff contends in both his complaint and his response to Defendants' motion that he exhausted his administrative remedies. See Compl. at 8; Pl. Resp. ¶¶ 3, 4. Accepting Plaintiff's allegations as true, the Court proceeds to the second Turner step, which requires the Court to make "specific findings to resolve disputes of fact." See Whatley I, 802 F.3d at 1209. See also Bryant, 530 F.3d at 1376 (holding district courts must act as factfinders when ruling on matters in abatement, such as exhaustion).

The parties dispute whether Plaintiff filed any grievances about the alleged incident. While Plaintiff's contention that his grievances were "throw[n] away" is logically consistent with Defendants' evidence showing Plaintiff submitted no grievances, the Court finds Plaintiff's self-serving, unsupported contention lacks credibility and should not be credited. See, e.g., Whatley v. Smith (Whatley II), 898 F.3d 1072, 1083 (11th Cir. 2018) (holding the district court did not err when it credited the defendants' evidence that the plaintiff filed no grievances on a particular date despite the plaintiff's unsupported contention to the contrary).

First, Plaintiff's contention in his response that his grievances were thrown away is somewhat contradictory to his earlier assertion in his complaint that he submitted grievances but received no responses. Had Plaintiff submitted four grievances, theoretically, the institution or central office should have a record of having received them, even if Plaintiff did not receive responses. That FDOC records show Plaintiff filed zero relevant grievances at any step in the process (the institution level and appeal level) undermines his assertion that he filed all the grievances he was "suppose[d] to." See Compl. at 8.

Second, not only does Plaintiff raise for the first time in response to Defendants' motion that up to four grievances were destroyed, Plaintiff

5

provides no factual detail or other evidence to bolster his assertions. For instance, he does not summarize the contents of the grievances, nor does he say when he submitted them, how he submitted them, why he believes (now) they were destroyed, or who destroyed them. While certainly possible, it is not likely that four separate grievances submitted at different "steps" in the grievance process were destroyed given employees are subject to disciplinary action for "obstructing an inmate's access to the grievance process." See Fla. Admin. Code r. 33-103.017(1). Moreover, Plaintiff does not allege officers prevented him from filing grievances by threatening to harm him for doing so. Cf. Turner, 541 F.3d at 1085 (holding the grievance process is unavailable when a prison official makes "serious threats of substantial retaliation" against an inmate who attempts to grieve a complaint).

Plaintiff's credibility is further undermined by the fact that his complaint allegations about the underlying incident appear less than forthright. For instance, Plaintiff alleges officers entered his cell apparently for no reason and woke him up. See Compl. at 5. However, FSP records and declarations Defendants offer (Docs. 24-1 through 24-5; Def. Exs. A-E), show officers entered Plaintiff's cell on September 12, 2018, because he was found unresponsive, "lying on the cell floor, shaking uncontrollably," presumably

6

"under the influence of an unknown substance." See Def. Ex. A at 1; Def. Ex. C ¶ 5; Def. Ex. D ¶ 5; Def. Ex. E ¶ 5.[1]

Upon review, the Court finds Defendants' evidence showing Plaintiff filed no grievances complaining of the alleged incident more credible than Plaintiff's self-serving, unsupported assertions that his grievances were either destroyed or ignored. Accordingly, Plaintiff's complaint is due to be dismissed without prejudice for his failure to exhaust his administrative remedies, and Defendants' motion for summary judgment on the merits of Plaintiff's claim is due to be denied as moot.[2]

Accordingly, it is now

**ORDERED:**

1. Defendants' construed motion to dismiss (Doc. 24) is **GRANTED** for Plaintiff's failure to exhaust his administrative remedies.

2. Plaintiff's complaint is **dismissed without prejudice**.

---

[1] Plaintiff incurred disciplinary charges because he refused to submit to a drug test. See Def. Ex. B at 1-2.

[2] Generally, a district court should afford a plaintiff at least one opportunity to amend his complaint unless an amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962). Under the circumstances, an amendment would be futile because Plaintiff cannot now exhaust his administrative remedies for an incident that occurred in 2018. See Fla. Admin. Code r. 33-103.011(1) (explaining prisoners must submit informal grievances within twenty days of an incident and formal grievances within fifteen days).

3. Defendants' motion for summary judgment (Doc. 24) is **DENIED as moot**.

4. The **Clerk** is directed to enter judgment dismissing the case without prejudice, terminate any pending motions as moot, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of March 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Gregory Butler
Counsel of Record